NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>LEONARD BROWN,<br><br>            Defendant. | Criminal Action No.: 07-594 (PGS)<br><br>**ORDER** |

      This matter comes before this Court on Defendant Leonard Brown's "Motion for the Court's Recommendation to BOP in Support of BOP's Nunc Pro Tunc Designation under 18 U.S.C. §3621(b)." Presently, the defendant requests that the Court recommend to the Federal Bureau of Prisons (BOP) that he be given pre-sentence credit because he has served two years of incarceration for a parole violation imposed by New Jersey Officials during the pendency of the federal charges.

      Generally, BOP has the authority to request from the District Court Judge, a recommendation regarding pre-sentence credit against a federal sentence – but not the defendant as occurred here. The Court will consider the request since as a matter of judicial policy the Court always is lenient with the pleadings of pro se defendants. See Erickson v. Parders, 551 U.S. 89, 94 (2007).

      In considering this motion, the Court reviewed the pre-sentence report, a transcript of the sentence proceedings, and conducted oral argument on January 20, 2011. At sentencing, the Court

1

imposed the minimum guideline sentence of 70 months.  At that time, counsel for defendant, Linda Foster, noted that New Jersey officials generally rule that sentences for parole violations run concurrently with a sentence entered in the District Court.  However, this did not occur in Mr. Brown's case.  As such, the Court commenced Mr. Brown's sentence on the day it was imposed so that Mr. Brown could avoid unnecessary overlap of the sentence here, and the parole violation sentence. Ms. Foster, at the January 20, 2011 hearing, indicated that it is more equitable to recommend pre-sentence credit from the date of arraignment (September 5, 2007) because that is a reasonable date from which the federal detention could have occurred.

After considering all the facts, the Court finds that there is no reason to treat Mr. Brown, a parole violator different from other parole violators.  And like other violators, his sentence should run concurrently.  As a result, the BOP should follow its own policies as to pre-sentence credit, but the Court recommends that the pre-sentence credit be given from the date of the arraignment (September 5, 2007) to the date of incarceration.

IT IS on this 10th day of February, 2011

ORDERED that Order of January 20, 2011 (docket entry 31) is vacated; and it is further

ORDERED that the motion to recommend is granted as set forth above, and it is further

ORDERED that the BOP calculate the sentence of Mr. Brown from the date of arraignment (September 5, 2007).

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.